IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GILBERT JOSEPH CARRASCO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 2:25-CV-053-Z<br>(2:21-CR-046-Z-BR) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Gilbert Joseph Carrasco's Motion for an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion"). ECF No. 2. For the reasons stated below, the Court **DISMISSES** this case for lack of jurisdiction. Accordingly, Petitioner's Motion is **DENIED as MOOT**.

### BACKGROUND

After a jury trial, Petitioner was convicted of one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, one count of Possession with Intent to Distribute Methamphetamine, and one count of being a Convicted Felon in Possession of a Firearm. ECF No. 57. By judgment dated December 21, 2022, Petitioner was sentenced to 240 months of imprisonment on Count One, 240 months on Count Two, and 120 months on Count Three, all to run consecutively, followed by three years of supervised release. *See* CR ECF No. 70. The Fifth Circuit Court of Appeals affirmed his conviction on February 14, 2024. ECF No. 88. Petitioner now seeks an unspecified extension to file a motion to vacate, set aside, or correct

sentence under 28 U.S.C. Section 2255 because he needs time to secure funds to hire new counsel. *See* ECF No. 2.

### JURISDICTION

Under Article III of the Constitution, federal court jurisdiction is limited to "cases" and "controversies," *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980), and federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, which imposed, among its other substantial changes to the way federal courts handle habeas motions, a one-year statute of limitations for Section 2255 motions filed after its effective date. *See* 28 U.S.C. § 2255(f). Specifically, AEDPA states that the one-year limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA's one-year deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010) (deciding that the timeliness provision in AEDPA is subject to equitable tolling). Section 2255 does not authorize

federal courts to prospectively extend, stop, or toll the one-year statute of limitations, however. *See* 28 U.S.C. § 2255(f). Rather, federal courts lack jurisdiction to consider a request for an extension of time until a Section 2255 motion is filed because such a request presents no case or controversy and would result in the issuance of an advisory opinion. *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the movant's] motion for an extension of time to file a § 2255 motion."); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam) ("Before the [Section 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Here, a ruling on Petitioner's request for an extension of time would require the Court to determine in advance whether the Section 2255 motion will be time-barred, and whether equitable tolling may be applicable. As noted, Section 2255 does not authorize a prospective extension of the statute of limitations because there is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief and this case is **DISMISSED** for lack of jurisdiction. Accordingly, Petitioner's Motion is **DENIED as MOOT**.

The clerk of the court is **directed** to transmit to Petitioner a copy of the AO 243 standard form for cases filed under 28 U.S.C. Section 2255 in the event he wishes to file a Section 2255 motion.[1]

**SO ORDERED.**

March 5, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Any such motion will be subject to the one-year statute of limitations set forth in 28 U.S.C. Section 2255(f)(1).